**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **FREDERICK O. SILVER,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **A-24-CV-1298-RP-ML** |
| **STATE OF TEXAS OFFICE OF THE** | § | |
| **ATTORNEY GENERAL,** | § | |
| **Defendant.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.    REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff Frederick Silver's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious

1

pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a Section 1915(e) review of the claims in this complaint and is recommending part of Plaintiff's claimed relief be dismissed. The undersigned further recommends that Defendant not be required to answer as to the dismissed relief unless the District Judge decides not to adopt this report and recommendation. Because the undersigned does not recommend that Plaintiff's claim be dismissed in its entirety, the undersigned **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Plaintiff's complaint upon Defendant W. Kenneth Paxton, under Rules 4 and 5 of the Federal Rules of Civil Procedure.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless

litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff Frederick Silver ("Silver") brings this suit against Defendant State of Texas Office of the Attorney General ("OAG") for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.* Dkt. 1. The court construes Silver's claims to be against the Texas Attorney General W. Kenneth Paxton, in his official capacity.

Silver alleges he has been denied credit several times and upon looking into the matter by opening a TransUnion credit monitoring account, discovered an outstanding child support debt registered with OAG. *Id.* at 3. Silver alleges that he does not have a child within the State of Texas, does not owe Texas any obligations to any child, and claims financial and other harms resulting from poor credit and inability to obtain a loan.[1] *Id.* at 3–4. Silver requests actual, statutory, and punitive damages in addition to fees and costs; an order directing the OAG to "immediately and permanently delete all the inaccurate information" from Silver's credit report; and that judgment be entered against the OAG. *Id.* 6–7.

"States are immune from private suits unless they consent or unless Congress validly strips their immunity." *Texas Alliance for Retired Ams. v. Scott*, 28 F.4th 669, 671 (5th Cir. 2022). However, *Ex parte Young* permits plaintiffs to sue state officers in their official capacities for an injunction to stop ongoing violations of federal law. *See Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 451 (5th Cir. 2022); *Ex parte Young*, 209 U.S. 123, 155–56 (1908). It has been established that "[t]he Office of the Attorney General is an arm of the state entitled to sovereign immunity." *Walker v. Texas, Office of Atty. Gen.*, 217 F. Supp. 2d 776, 779 (E.D. Tex. 2002); *see* Tex. Const. art. IV, § 22. "A plaintiff suing a state agency, such as OAG, also must

---

[1] Silver does allege he contributes $43,325 in support to a son, although he does not claim that son resides in Texas. Dkt. 2 at 2.

allege a valid waiver of sovereign immunity." *Davis v. Office of the Atty. Gen.*, No. 05-17-00618-CV, 2018 WL 227635, at *1 (Tex. App.—Dallas, May 18, 2018), *reh'g denied* (Jun. 27, 2018), *review denied* (Sep. 14, 2018) (citing *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003)).

In *Kirtz*, the Supreme Court held that the FCRA waives the sovereign immunity of the United States. *Dep't of Agri. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42 (2024). However, unlike the United States, individual states can still invoke Eleventh Amendment immunity against the FCRA, on which Silver bases his claims. *See Cutrer v. Tarrant Cnty. Local Workforce Dev. Board*, 943 F.3d 265, 271–72 (5th Cir. 2019) (explaining why appellee is not entitled to the State of Texas's sovereign immunity against various statutes including the FCRA). Several courts hold that this is "because Congress enacted FCRA pursuant to authority derived from the Commerce Clause and not from section 5 of the Fourteenth Amendment, [so] it lacked a valid grant of constitutional authority to abrogate state immunity for FCRA claims." *Davis*, 2018 WL 227635, at *1 (collecting authority).

"For *Ex parte Young* to apply, three criteria must be satisfied: (1) A plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective." *Ex parte Young*, 209 U.S. at 155–56 (cleaned up). Silver pleads facts sufficient to allege a valid exception to sovereign immunity under *Ex parte Young*. His claims are against the OAG, which the court construes to mean W. Kenneth Paxton in his official capacity; he alleges an ongoing violation of the FCRA due to inaccurate information on his record; and he alleges prospective relief in the form of removing the inaccurate information from Silver's credit report.

Silver's request for damages, however, is not viable under the *Ex parte Young* exception to sovereign immunity.

## III.    ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2).

Because the undersigned does not recommend that Plaintiff's claim be dismissed in its entirety, the undersigned **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Plaintiff's complaint upon Defendant W. Kenneth Paxton, under Rules 4 and 5 of the Federal Rules of Civil Procedure. However, the Magistrate Judge also **RECOMMENDS** the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's requested relief in the form of damages from the Complaint.

The referral of this case to the Magistrate Judge should now be **CANCELED**.

## IV.    WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within **fourteen (14) days** after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).


SIGNED February 13, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE